IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 00-54 |
| ) | |
| DAVID MAIS ) | |

REQUEST FOR DETENTION

AND NOW comes the United States of America, by its attorneys, Harry Litman, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney for said District, and, pursuant to Title 18, U.S.C., Section 3142(e) and (f), hereby requests detention of the above-named defendant, and sets forth the following material factors in support thereof:

√ 1.  That no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

√ a.  Defendant is a danger to any other person or the community, and/or;

√ b.  Defendant is a flight risk.

√ 2.  That the government is entitled to a detention hearing based upon the following:

_____ a.  Defendant is charged with a crime of violence as defined in Title 18, U.S.C., Section 3156; or

\_\_\_\_\_ b. Defendant is charged with an offense for which the maximum sentence is life imprisonment or death; or

\_√\_ c. Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., Section 801 et seq.), the Controlled Substances Import and Export Act (Title 21, U.S.C., Section 951 et seq.), or the Maritime Drug Law Enforcement Act (Title 46, U.S.C. App., Section 1901 et seq.); or

\_\_\_\_\_ d. Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more State or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

\_√\_ e. That a serious risk exists that defendant will flee; or

\_\_\_\_\_ f. That a serious risk exists that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or

        intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

____ 3. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that the present case involves an offense described in paragraphs 2a-2d above and:

    a. Defendant has been convicted of a Federal offense described in subsection 2(a)-(d) above, or of a State or local offense that would have been an offense described in subsection 2(a)-(d) above if a circumstance giving rise to Federal jurisdiction had existed; and

    b. The offense described in paragraph 3a above was committed while defendant was on release pending trial for a Federal, State or local offense; and

    c. A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offense described in paragraph 3a, whichever is later.

__√__ 4. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that there is probable cause to believe that:

    __√__ a. Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., Section 801 *et seq.*), the Controlled Substances Import and Export Act (Title 21, U.S.C., Section 951 *et seq.*), the Maritime Drug Law Enforcement Act (Title 46, U.S.C. App., Section 1901 *et seq.*); or

    _____ b. Defendant committed an offense under Title 18, U.S.C., Section 924(c), that is, defendant did during and in relation to any crime of violence or drug trafficking crime use or carry a firearm.

_____ 5. A Continuance of _____ day(s) is requested for the detention hearing based upon the following reasons:

_____

_____

_____

_____

_____ 6.  Good cause for a continuance in excess of three days exists in that:

_____

_____

_____

_____

                              Respectfully submitted,

                              HARRY LITMAN
                              United States Attorney

By:   _____
      GREGORY J. NESCOTT
      Assistant U.S. Attorney
      PA I.D. No. 27331