```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.: 00-54 |
| | ) | |
| DAVID MAIS, | ) | |
| | ) | |
| Defendant | ) | |

**MOTION TO DISMISS FOR PREJUDICIAL PRE-INDICTMENT DELAY**

AND NOW, comes the defendant, David Mais, by his attorney, John A. Knorr, Esquire, and JOHN KNORR LAW, and respectfully moves the Court for an order dismissing the indictment based on the prejudicial delay between the time of the alleged events and the time of the return of the indictment and avers as follows:

1. The offenses alleged in the instant indictment are claimed to have occurred between "in or around 1994 and continuing thereafter to in or around March 1997."

2. The indictment was returned on March 28, 2000, some three years after the end of the period of the alleged conspiracy, and substantially longer from the time that the government began its investigation into the matters addressed in the indictment.

3. Defendant's Fifth Amendment right to a fair trial has been substantially prejudiced and violated by the above described pre-indictment delay.

4. It is further submitted that the pre-indictment delay has allowed the prosecution to gain tactical advantage over the accused in that the defendant will now have to attempt to locate

witnesses, who may or may not be available, who may have recollections about events which may have taken place at the minimum nine years ago, and as much as twelve years ago.

5. Defendant alleges that said delay may also affect the availability of witnesses and records which may have been available to him if a timely indictment had been returned.

6. Defendant respectfully requests the opportunity to self-amend the instant motion to permit him to make a further showing of prejudice after he has had an opportunity to further review the records which the government has made available for inspection.

The United States Supreme Court has noted that "the statute of limitations does not fully define Defendant's right with respect to the event occurring prior to indictment." United States v. Marion, 404 U.S. 307, 324 (1971). The dictates of fundamental fairness and due process contained in the Fifth Amendment to the United States Constitution provide further protection against prejudicial pre-indictment delay. United States v. McDonald, 456 U.S. 1, 8 (1982).

In United States v. Lobasco, 431 U.S. 783 (1977), the Supreme Court explained that the determination of the existence of a due process violation due to pre-indictment delay is essentially a balancing test whereby the prejudice to the defendant caused by such delay is weighed against the government's justification for the delay, id., at 790.

Defendant is aware of decisions which hold that in order for him to meet his burden of proving actual prejudice flowing from

the pre-indictment delay, he must specifically identify witnesses or documents lost during a delay properly attributable to the government. Because defendant has the burden of showing actual prejudice, he has moved this Court for an opportunity to supplement this motion to dismiss for prejudicial pre-indictment delay and this memorandum once he has had an opportunity to review the voluminous documentary evidence provided by the government to determine the full effect of the lengthy delay, especially as it relates to corporate records and prospective witnesses which he is attempting to locate, and whom may no longer be available to defendant.

    WHEREFORE, it is respectfully submitted that this Honorable Court dismiss the indictment against the defendant, David Mais.

                                                   Respectfully submitted:

                                                   ____s/John A. Knorr_____  
                                                   John A. Knorr, Esquire  
                                                   Attorney for Defendant  
                                                   JOHN KNORR LAW  
                                                   1204 Frick Building  
                                                   437 Grant Street  
                                                   Pittsburgh, PA 15219  
                                                   (412) 261-1186  
                                                   Pa. I.D. 19803  
                                                   jknorr@johnknorrlaw.com