```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      )
                              )
        vs.                   )    CRIMINAL NO.: 00-54
                              )
                              )
DAVID MAIS,                   )
                              )
        Defendant             )
```

## DEFENDANT'S PRETRIAL MOTIONS

AND NOW, comes the defendant, David Mais, by his attorney, John A. Knorr, Esquire, and JOHN KNORR LAW, and files the following Pretrial Motions and, in support thereof, avers as follows:

1.  The defendant has been indicted in a fourteen count indictment and charged with violation of the Drug Laws of the United States of America at counts one and two, money laundering at count three and laundering of monetary instruments at counts four through fourteen.

## MOTION FOR DISCOVERY

2.  Based on the authorities herein cited, Defendant requests pretrial discovery of the following:

    a.  Any and all statements by any witnesses or participants favorable to defendant. See <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968);

    b.  The names and addresses of any and all witnesses favorable to the defense, whether they have provided statements or not, and whether the Government intends to call them at trial or not. See <u>United States v. Wilkins</u>, 326 F.2d 135 (2nd Cir. 1964);

    c.  Any and all specific evidence which detracts from the credibility or probative value of the

    testimony or evidence intended to be used by the prosecution, see United States v. Biberfeld, 957 F.2d 98 (3rd Cir. 1992); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965); United States v. McCrane, 527 F.2d 906 (3rd Cir.), reaffirmed on remand 547 F.2d 204 (3rd Cir. 1975); United States ex rel. Marzeno v. Gengler, 574 F.2d 730 (3rd Cir. 1978); this request includes, but is not limited to, any documents, transcripts, motions or other materials alleging or evidencing that any prospective Government witness is unreliable, including claims of illegality, misstatement, dishonesty or untruthfulness made by Defendants or Attorneys in other cases or by agents or law enforcement officers or attorneys who have worked with the witness on other cases, see United States v. Deutsch, 475 F.2d 55, 57-58 (5th Cir. 1974); United States v. Perdomo, 929 F.2d 967 (3rd Cir. VI. 1991); United States v. Austin, 492 F.Supp. 502, 505-506 (N.D.Ill. 1980);

d. Any and all promises or representations made to a Government witness, including, but not limited to immunity, preferential treatment, payments or promises of payments or leniency, see Giglio v. United States, 405 U.S. 150 (1972); United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. McCrane, supra;

e. Any and all prior contradictory statements given by any prosecution witness, Giles v. Maryland, 386 U.S. 66 (1967);

f. Any materials, documents or exhibits which contain exculpatory matter within the purview of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419 (1995); in the government's possession or may be the exercise of due diligence be accessible to the Government; this request specifically includes a list of cases and investigations in which a prospective Government witness, or an informant in this case whom the Government does not intend to call as a witness, has acted as a cooperating individual and the location and identity of any criminal filing resulting from that cooperation;

g. Any and all joint ventures and/or accomplices' and/or persons otherwise considered to be coconspirators' statements, whether indicted or unindicted, which the Government intends to introduce at trial where these statements would be attributable to Defendant under Federal Rules of

        Evidence 801(d)(2)(E), see <u>United States v. Agnello</u>, 367 F.Supp. 444, 448 (E.D.N.Y. 1973); <u>United States v. Mays</u>, 460 F.Supp. 573, 581 (E.D. Tex. 1978); <u>United States v. Konefal</u>, 566 F.Supp. 698 (N.D.N.Y. 1983);

h.    A list of all Government witnesses anticipated to be called at trial. Defendant would submit that a particularized need for prior notice of the witnesses in that counsel would be handicaped in investigating witnesses' backgrounds during trial, see <u>United States v. Richter</u>, 488 F.2d 170 (9th Cir. 1973); accord to <u>United States v. Pastor</u>, 419 F.Supp. 1318 (S.D.N.Y. 1975); see also <u>United States v. Addonisio</u>, 451 F.2d 49 (3rd Cir. 1971); <u>United States v. McCrane</u>, supra;

i.    Any and all negative exculpatory statements, i.e. statements of informed witnesses that do not mention the defendant, see <u>Jones v. Jago</u>, 575 F.2d 1164 (6th Cir. 1978);

j.    Any and all evidence showing Government witnesses' bias, narcotic habit, psychiatric treatment, or other evidence showing lack of competency, impartiality or credibility, see <u>Giglio v. United States</u>, supra; and generally <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972);

k.    The criminal records, if any, of any prospective prosecution witnesses, informants, joint venturers, accomplices or un-indicted co-conspirators, see <u>United States v. Curry</u>, 278 F.Supp. 508 (N.D.Ill. 1967); and

l.    The nature and existence of any electronic surveillance utilized by state or federal officers in the investigation of this case, including logs, reports, inventories, applications, affidavits, orders of court, transcripts, and other documents generated in connection with the electronic surveillance in this case, whether or not pursuant to state or federal law, see Title 18 U.S.C. Section 3504; <u>United States v. Vielguth</u>, 502 F.2d 1257 (9th Cir. 1974); <u>In re: Lochiatto</u>, 497 F.2d 803 (1st Cir. 1974); following in the 3rd Circuit by <u>In re: Harkins</u>, 624 F.2d 1160 (3rd Cir. Pa. 1980).

    WHEREFORE, Defendant prays this Honorable Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, enter an Order directing the attorney for the Government to deliver to

Defendant all of the information requested as well as any and all information that may be deemed exculpatory.

## **MOTION FOR A BILL OF PARTICULARS**

3. The indictment charges this defendant "from in or around 1994 and continuing thereafter to in or around 1997, in the Western District of Pennsylvania and elsewhere, the defendant, David Mais, did knowingly, intentionally and unlawfully conspire with persons both known and unknown to distribute and possess in excess of fifty grams of mixture and in excess of five hundred grams of mixture and substance in violation of the Drug Laws of the United States."

4. Defendant requests the following particulars with respect to count one of the indictment:

   a. The specific date on which the defendant is alleged to possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and the names and addresses of any witnesses thereto;

   b. The acts performed and statements made by the defendant on which the government relies to support the allegation that he possessed with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, the dates, times and places of such acts, the names and addresses of the person to whom such statements were made and any other witnesses thereto;

   c. To the extent that any acts or statements of indicted or un-indicted persons may be imputed to the defendant, the name of each such person, a description of each such act or statement, the date, time and place of each such act, and names and addresses of the persons to whom such statements were made and any witness thereto.

5. Defendant is unable to ascertain from the face of the indictment the nature of the case against him because of the lack

4

of specificity and is thus unable to prepare a defense. Defendant moves that the Government be ordered to state the following:

    A.    CONSPIRACY – COUNT ONE

1. The exact language, word, or words allegedly used by the defendant which allegedly indicated, or tended to indicate, that he willfully and knowingly agreed to commit the crimes charged in the indictment;

2. The dates upon which defendant allegedly committed the charged offense;

3. The places where the defendant allegedly committed the crimes charged;

4. The names and addresses of person or persons present or listening when the defendant allegedly committed the crimes charged;

5. With regard to the allegation of conspiracy, the following:

    a). What other acts the conspirators committed;

    b). Which conspirators participated in each such act;

    c). What the purpose of the act was;

    d). Where the act was committed;

    e). The date the act was committed;

    f). The names and addresses or witnesses present when the act was committed;

6. The nature of act, and the date, time and place of said act, by which defendant first manifested that he was part of the alleged conspiracy. In other words, what is the first act the defendant is accused of committing in furtherance of the alleged conspiracy?

7. The time, date and place of the last act the defendant is charged with having committed in furtherance of the conspiracy;

8. Whether the government is charging Defendant with aiding and abetting the commission of a crime;

9. The names of un-indicted, but identified, co-conspirators of Defendant, including those whose names may have become known since the return of the indictment, or the names of those persons whom the government deleted or omitted from the indictment.

WHEREFORE, Defendant requests this Honorable Court issue an Order directing the Government to file a Bill of Particulars.

**MOTION TO DISCLOSE AND EXCLUDE**
**UNCHARGED MISCONDUCT EVIDENCE**

6. The Government may offer in its case in chief evidence of other crimes, wrongs or acts of uncharged misconduct of Defendant.

7. The subject evidence may be offered pursuant to Rule 404(b) of the Federal Rules of Evidence so as to show opportunity, intent, plan, knowledge or scheme.

8. Under Rule 403 of the Federal Rules of Evidence, such evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or from consideration of undue delay, waste of time or needless presentation of cumulative evidence.

9. Defendant is entitled to know of the government's intention to use such evidence in order to obtain witnesses and evidence in rebuttal and to properly prepare defenses.

10. Defendant is without sufficient knowledge of the specific evidence the government may intend to offer so as to

allow a comprehensive evaluation as to its admissibility under Rule 404(b).

11. The government may not have provided discovery materials to the defendant concerning any Rule 404 evidence.

12. Without the opportunity to review and investigate the Rule 404(b) evidence, Defendant is exposed to the danger of undue prejudice which may outweigh its probative value.

WHEREFORE, Defendant requests this Honorable Court conduct a pretrial hearing concerning the proposed use of Rule 404(b) evidence and Order the government to provide Defendant with Rule 124 and discovery relevant thereto prior to said hearing.

Respectfully submitted:

\_\_S/John A. Knorr_____
John A. Knorr, Esquire
Attorney for Defendant
JOHN KNORR LAW
1204 Frick Building
437 Grant Street
Pittsburgh, PA 15219
(412) 261-1186
Pa. I.D. 19803
jknorr@johnknorrlaw.com