

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

December 27, 2006


John Knorr, Esquire
Penthouse Suite
One Bigelow Square
Pittsburgh, PA 15219


Re:  United States of America v.
     David Mais
     Criminal No. 00-54

Dear Mr. Knorr:

This letter sets forth the agreement by which your client, David Mais, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between David Mais and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, David Mais will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

  A. The defendant, David Mais, agrees to the following:

    1. He will enter a plea of guilty to Count One of the Indictment at Criminal No. 00-54, charging him with violating Title 21, United States Code, Section

LIMITED OFFICIAL USE

GOVERNMENT EXHIBIT
1

    846, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. He acknowledges his responsibility for the conduct charged in Counts 3-14 of the Indictment at Criminal No. 00-54 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in imposing sentence.

3. At the time David Mais enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. David Mais waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

5. David Mais waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, David Mais may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, David Mais may take a direct appeal from the sentence.

The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

David Mais further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Page 3

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Indictment at Criminal No. 00-54, without prejudice to their reinstatement if, at any time, David Mais is permitted to withdraw his plea of guilty. In that event, David Mais waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of David Mais in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and David Mais timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. David Mais and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon David Mais is:

   (a) A term of imprisonment of not more than twenty (20) years;

      (b)   A fine of $1,000,000;

      (c)   A term of supervised release of at least three (3) years;

      (d)   A special assessment under 18 U.S.C. §3013 of $100.00.

2. The parties stipulate that the type and quantity of controlled substance attributable to David Mais in this case for the purposes of §2D1.1 of the Sentencing Guidelines is at least 400 grams but less than 500 grams of cocaine hydrochloride. This stipulation includes all relevant conduct, under §1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding upon the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

3. The parties understand that, pursuant to 21 U.S.C. §862, the Court may, in its discretion, order that the defendant be ineligible for a period of up to five years for all Federal benefits as defined in §862(d).

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against David Mais or his property.

5. The parties agree that, although charges are to be dismissed pursuant to this agreement, David Mais is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). David Mais waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, John Knorr, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
DAVID MAIS

_____1-8-07_____
Date

Witnessed by:

_____
JOHN KNORR, ESQUIRE
Counsel for David Mais