IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.   ) | CRIMINAL NO.:  00-54 |
| ) | |
| DAVID MAIS   ) | |

**SENTENCING MEMORANDUM**

AND NOW, comes the defendant, David Mais, by his attorney, John A. Knorr, Esquire, and JOHN KNORR LAW, and files the within Sentencing Memorandum:

**I.   THE DEFENDANT'S CRIMINAL HISTORY HAS BEEN OVERSTATED.**

The defendant, David Mais, entered a plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in Violation of 21 U.S.C. §846.  The parties, John A. Knorr, Esquire for the defendant and Gregory Nescott, Assistant United States Attorney for the government, agreed that the quantity of cocaine involved in the distribution was more than 400 grams but less than 500 grams of cocaine.

It should be noted that at the time the defendant entered his change of plea, Assistant United States Attorney Nescott specifically related to the Court that the conduct complained of occurred on March 6, 1997, and Assistant United States Attorney Nescott specifically told the Court the charges were "limited to this date."  This is significant in that it was Attorney Nescott's intention to facilitate a sentence that would exclude

any enhancement for the defendant's conduct to have occurred within two years following release from custody or probation. It is noteworthy that at Paragraph 35 of the Presentence Investigation Report the report states that the instant offense occurred less than two years from the defendant's release from custody on May 6, 1993 because the period of the conspiracy extended to within two years of that period. However, where the specific reference at the time the change of plea was entered limited the defendant's conduct to conduct engaged in on March 6, 1997, the assessment at Paragraph 35 overrides the agreement of counsel, the facts which support the guilty plea, and the very assertions of the government as to when the conduct is alleged to have occurred. This has resulted in an additional assessment of two criminal history points and elevates the defendant's sentencing range to 46 to 57 months, where it was the entire aim of counsel for the defendant and counsel for the government to treat this offense in a manner that did not include the assessment of these points, which would have resulted in a more appropriate range of 41 to 51 months.

   For those reasons, it is averred that the Presentence Investigation Report has overstated the defendant's criminal history and the Court should abide by the terms as elicited by counsel for the government and counsel for the defendant at the time of the change of plea hearing, thereby reducing the guidelines range to 41 to 51 months.

## II. EXCESSIVE PUNISHMENT AS RESULT OF DELAY IN INDICTMENT, ARREST AND SENTENCING FOLLOWING COMPLETION OF PRIOR SENTENCE ON NORTH CAROLINA INDICTMENT.

The defendant is being unduly penalized as a result of the late indictment of this defendant and the arrest of defendant six years after his incarceration in connection with the North Carolina indictment and his return to Jamaica. The defendant was indicted on March 28, 2000 in the within case. During the very week of the indictment, Mais was released from federal custody from a sentence imposed in the Western District of North Carolina to an Immigration and Naturalization Services detainer, and quickly deported to Jamaica (PSIR p.2).

The defendant attempted to regain some normalcy to his life upon his return to his homeland of Jamaica, and as evidenced by the Presentence Investigation Report at Paragraph 45, he secured an Associate's Degree in Accounting in 2005 at the Montego Bay Community College and was continuously employed at Best Care Car Supply in Montego Bay, Jamaica from February 2002 until his arrest in Canada in 2006, and began a new family life. As the Court can see from the letters of recommendation that have been provided to the Court as an exhibit to this memorandum, the defendant became a responsible citizen in his homeland and was actively involved in community organizations and coaching children in sports.

In short, the period of incarceration imposed in the North Carolina indictment and the aims of incarceration, i.e. rehabilitation, in fact worked and the defendant became a constructive member of society. The other aim of sentencing,

punishment, was also effectuated in connection with the North Carolina sentence, in that it essentially took the defendant's life away from him for a period of 43 months.

The effect of the delay in arresting this defendant and now imposing yet another sentence, effectively takes his life away from him yet again. Now, the life that is being taken away from Mr. Mais is the life that he re-created following his parole from federal prison in 2000. While the Court may lawfully impose a consecutive sentence just as it could have had he originally been sentenced in or about 2000, the reality is that the Court is effectively punishing this defendant twice in that his life was taken away from him in 1996, he was paroled in 2000 and he regenerated that life. Now, for an offense that occurred in 1997, the Court is seeking to take his life away from him yet again. While this may not strictly be rise to the level of double jeopardy or equitable estoppel, it cries out for the Court to exercise discretion and depart downward.

It should further be noted that the plea agreement in the North Carolina indictment called for a sentence concurrent with the Pennsylvania sentence. While the passage of time makes concurrency factually impossible, this Court's exercise of discretion can ameliorate this dilemma.

It is respectfully submitted that it would be reasonable for this Court to depart from the sentencing guidelines, taking into account the penalty that the defendant has paid on the North Carolina case and the extreme penalty that he is being made to pay in the present case. The defendant has been incarcerated on

4

this charge since April, 2006 and it is respectfully submitted that this Court should depart downward and impose a sentence of not greater than 12 months with credit for time served and direct that the defendant be deported forthwith. This will serve the ends of justice in that the defendant will be penalized by his incarceration for the last twelve months, his life has been interrupted yet again, and the costs of maintaining this defendant who is certainly destined for deportation and will return to Jamaica as an ignominious deportee from the United States and be required to reconstruct and commence his life once again.

                                      Respectfully submitted,

                                      ___s/John A. Knorr_____  
                                      John A. Knorr, Esquire  
                                      Attorney for Defendant  
                                      JOHN KNORR LAW  
                                      1204 Frick Building  
                                      437 Grant Street  
                                      Pittsburgh, PA 15219  
                                      (412) 261-1186  
                                      Pa. I.D. 19803  
                                      jknorr@johnknorrlaw.com